1   ARSHAK BARTOUMIAN (SBN 210370)
    OMNIA LEGAL, INC
2   124 W STOCKER ST STE B
    GLENDALE, CA 91202
3   TEL. 818-532-9339
    EMAIL: DISPUTES@OMNIALEGAL.ORG

4   Attorney for Plaintiff Levon Filian

5

6

7                   **UNITED STATES DISTRICT COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
8

9   

10  LEVON FILIAN, an individual,          CASE No.:

11              **Plaintiff,**            **VERIFIED COMPLAINT FOR**
                                          **DECLARATORY RELIEF AND**
12          vs.                           **DAMAGES FOR:**

13  ACS EDUCATION SERVICES, INC, A        1)  VIOLATIONS OF FEDERAL FAIR
                                              CREDIT REPORTING ACT;
14  Delaware Corporation                  2)  VIOLATIONS OF CALIFORNIA'S
                                              CONSUMER CREDIT REPORTING
15              **Defendant**.                AGENCIES ACT;

16                                        **DEMAND FOR JURY TRIAL**

17

18          Plaintiff LEVON FILIAN (hereinafter "Plaintiff") through his attorney on record

19  Arshak Bartoumian and brings this Complaint against ACS EDUCATION SERVICES, INC

20  (hereinafter "ACS") for violations of Federal and State consumer protection laws, specifically

21  the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer

22  Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and alleges
    as follows:

23

24

25

26                          **PRELIMINARY STATEMENT**

27
    1.   Congress enacted the FCRA to establish consumer rights to privacy over their
28
    credit and financial information and to ensure the "[a]ccuracy and fairness of credit

                        COMPLAINT FOR DAMAGES- 1

reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2.     FCRA regulates Credit Reporting Agencies as well as creditors, collection agencies and other parties who provide information to Credit Reporting Agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the Credit Reporting Agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

3.     FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

4.     CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer Credit Reporting Agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

5.     CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they

believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

6.      *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I.   JURISDICTION AND VENUE

7.      Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

8.      Supplemental jurisdiction rests upon 28 U.S.C. §1367.

9.      Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II.  PRIVATE RIGHT OF REMEDY

10.      15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance

respectively, with regards to any provision of the FCRA.

11.    *Gorman v. MBNA America Bank, N.A., No. 06-17226* further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b). "ACS"s furnisher's liability under this section is triggered since Plaintiff made his initial disputes with the Credit Reporting Agencies.

12.    California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

13.    California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## III. THE PARTIES

14. Plaintiff Levon Filian is a natural person, an individual residing in Los Angeles County, State of California.

15.    Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

16.    Defendant "ASC" is a Delaware Corporation.

17.    Defendant regularly conducts business in the State of California.

18.    Defendant is a "furnisher of information," as referenced in 15 U.S.C. §1681s-2.

19.    Defendant is person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

20.    Plaintiff is informed and believes and on that basis alleges that "ACS" is responsible for the acts, occurrences and transactions as officers, directors or managing agents of "ACS" or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

   a.  Said Officers, directors or managing agents of "ACS" personally acted willfully with respect to the matters alleged in this Complaint;

b. Said Officers, directors or managing agents of "ACS" personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of "ACS" did so act;

c. Said Officers, directors or managing agents of "ACS" personally participated in the acts alleged herein of "ACS";

d. Said Officers, directors or managing agents of "ACS" personally had close supervision of their agents, servants, employees and/or joint venturers of "ACS";

e. Said Officers, directors or managing agents of "ACS" personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of "ACS" personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of "ACS" failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of "ACS", even after learning of the acts of the agents, servants, employees and joint venturers of "ACS".

21. "ACS" is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant were expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

22.    Plaintiff who is not a minor alleges that the following events and actions taken by Defendant occurred within the past one year.

23.    In or around September 14, 2011 Plaintiff conducted a credit review with the three major Credit Reporting Agencies, Experian, Equifax and Transunion (collectively "CRAs"), and discovered inaccuracies reported on his credit report with respect to his "ACS" partial account#618988.. (hereinafter "account") , specifically late payment remarks for the months of May 2010, November 2010, June 2010, December 2010, July 2010, January 2011 and February 2011  ("the inaccuracies").

24.    On or about September 14, 2011 Plaintiff contacted the CRAs with dispute of the

inaccuracies reported by "ACS", per FCRA [15 U.S.C. §1681s-2(b)].

25.     On or about October 05, 2011 after initiating his initial disputes with CRAs Plaintiff sent written dispute of the inaccuracies to "ACS" directly, requesting verification of alleged late payments, otherwise their immediate and prompt deletion from Plaintiff's credit bureau reports.

26.     "ACS" failed to properly investigate the account and provide adequate response to Plaintiff's dispute. "ACS" continued to report the disputed account to the CRAs, upon receipt of the dispute and during the verification period, without notice of Plaintiff's dispute.

27.     Although "ACS" failed to properly respond to Plaintiff's dispute with the requested verification, within days of Plaintiff's credit bureau dispute, the CRAs claimed to have received verification of accuracy from "ACS" concerning the disputed account information.

28.     On or about December 27, 2011 Plaintiff sent a follow up request to "ACS" addressing their lack of proper response and verification to Plaintiff or alternatively, the deletion of the inaccuracies from Plaintiff's credit file.

29.     "ACS" again failed to answer back to Plaintiff to provide proof of investigation and verification of the information in dispute and failed to take corrective action.

30.     On or about January 23, 2012 Plaintiff sent "ACS" a notice of its violations with regard to the reporting of the inaccuracies, the failure to verify the disputed inaccuracies and the constant delays/refusals/failures to make appropriate corrections with respect to those inaccuracies. Plaintiff's communication was sent in an effort to get Defendant's cooperation and resolve the situation amicably.

31.     To date, after multiple future correspondences, Defendant still continues to maintain the unverified account information on Plaintiff's credit records.

32.     As a result of "ACS"'s conduct, Plaintiff has suffered:

   a.   Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

   b.   Out of pocket expenses associated with communicating with "ACS", disputing the credit information, as well as consultation fees paid to attorneys and other

professionals obtain information and advice about consumer rights and furnisher obligations in credit reporting;

c.   Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d.   Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## COUNT I
### Violations of FCRA

33.   Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

34.   Defendants knowingly and willfully violated the FCRA. "ACS" violations include, but are not limited to the following act performed:

a.   Furnishing inaccurate/unverified information to the CRAs, per 15 U.S.C. §1681s-2 (a);

b.   Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing such negative account information to the CRAs, per 15 U.S.C. §1681s-2 (a)(7)(A);

c.   Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, per 15 U.S.C. §1681s-2 (a)(8)(E);

d.   Verifying the disputed account with the CRAs prior to conducting thorough investigation and without having substantiating support for such verification;

e.   Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy, per 15 U.S.C. §1681s-2 (a)(3);

f.   Continuing to report unverified information to the CRAs after lack of response and verification.

## COUNT II
### Violations of CCRAA

35.    Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

36.    Defendants knowingly and willfully violated CCRAA. "ACS'" violations include, but are not limited to the following act performed:

      a.    Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff, per California Civil Code §1785.26(b);

      b.    Continuing to report the disputed information to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the account has been disputed by Plaintiff, per California Civil Code §1785.25(c);

      c.    Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results, per California Civil Code §1785.30.

## V. PRAYER FOR RELIEF

37.    Plaintiff contends that the "ACS"s actions constituted willful violations of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

38.    WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the "ACS" for:

      a)    Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

      b)    Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

      c)    Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

      d)    Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

      e)    Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering "ACS" to delete the reporting of the unverified late reporting  information, specifically

with respect to the late payment status;

    f)   Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

    g)   Any other relief as this Honorable Court deems appropriate.


DATED: March 27, 2012    Respectfully submitted,

                         By:

                       Arshak Bartumian, Plaintiff

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF CALIFORNIA

Plaintiff, Levon Filian, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any "ACS", cause unnecessary delay to any "ACS", or create a needless increase in the cost of litigation to any "ACS", named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it.

   Pursuant to 28 U.S.C. §1746(2), I, Levon Filian hereby declare (or certify, verify or state) under penalty that the foregoing is true and correct.

Date: 03/30/2012

_____
Levon Filian, Plaintiff

## STATEMENT OF DAMAGES

I, Levon Filian have suffered from the following due to, or made worse by, the actions of the "ACS" credit reporting and debt collection activities:

1. Sleeplessness     (YES)  NO
2. Fear of answering the telephone     (YES)  NO
3. Nervousness     (YES)  NO
4. Fear of answering the door     (YES)  NO
5. Embarrassment when speaking with family or friends     (YES)  NO
6. Depressions (sad, anxious, or "empty" moods)     (YES)  NO
7. Chest pains     (YES)  NO
8. Feelings of hopelessness, pessimism     (YES)  NO
9. Feelings of guilt, worthlessness, helplessness     YES  (NO)
10. Appetite and/or weight loss or overeating and weight gain     YES  (NO)
11. Thoughts of death, suicide or suicide attempts     YES  (NO)
12. Restlessness or irritability     (YES)  NO
13. Headache, nausea, chronic pain or fatigue     (YES)  NO
14. Negative impact on my job     (YES)  NO
15. Negative impact on my relationships     (YES)  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

_____

_____

_____

     Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 03/30/2012

_____
Signed Name

Levon Filian
_____
Printed Name